UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ON BOARD LLC d/b/a ON BOARD INFORMATICS,<br><br>Plaintiff,<br><br>vs.<br><br>EXIT REALTY CORP. INTERNATIONAL,<br><br>Defendant. | Case No. 13-CV-1463 (TPG) |

### EXIT REALTY CORP. INTERNATIONAL'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Defendant EXIT Realty Corp. International ("EXIT") by its attorneys, Anderson Kill & Olick, P.C., answers the Complaint of Plaintiff On Board LLC d/b/a On Board Informatics ("On Board") as follows:

### The Parties

1.      EXIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.      EXIT admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

### Jurisdiction and Venue

3.      The allegations contained in paragraph 3 set forth legal conclusions to which no response is necessary. To the extent that a response is required, EXIT admits that this Court has subject matter jurisdiction and that venue is proper in this district.

### ANSWERING PLAINTIFF'S FIRST CLAIM FOR RELIEF

4.      EXIT incorporates by reference its response to paragraphs 1 through 3 of the Complaint as though fully set forth herein.

1

nydocs1-1006866.2

5. EXIT admits that the parties entered into a written Search Application and Content License Agreement dated March 19, 2010 (the "Agreement"). EXIT denies the remaining allegations contained in paragraph 5 on the ground that it seeks to characterize the terms of the Agreement which speaks for itself.

6. EXIT denies the allegations contained in paragraph 6 on the ground that it seeks to characterize the terms of the Agreement which speaks for itself.

7. EXIT denies the allegations contained in paragraph 7.

8. EXIT denies the allegations contained in paragraph 8.

9. EXIT denies the allegations contained in paragraph 9.

10. EXIT denies the allegations contained in paragraph 10.

### ANSWERING PLAINTIFF'S SECOND CLAIM FOR RELIEF

11. EXIT incorporates by reference its response to paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. EXIT denies the allegations contained in paragraph 12.

13. EXIT denies the allegations contained in paragraph 13.

14. EXIT denies the allegations contained in paragraph 14 as the invoices were not retained without objection.

15. EXIT denies the allegations contained in paragraph 15.

### ANSWERING PLAINTIFF'S THIRD CLAIM FOR RELIEF

16. EXIT incorporates by reference its response to paragraphs 1 through 15 of the Complaint as though fully set forth herein

17. EXIT denies the allegations contained in paragraph 17.

18. EXIT denies the allegations contained in paragraph 18.

19. EXIT denies the allegations contained in paragraph 19.

20. EXIT denies the allegations contained in paragraph 20.

21. EXIT denies the allegations contained in paragraph 21.

## AS TO PRAYER FOR RELIEF

To the extent a response is required, EXIT denies that the Plaintiff is entitled to any relief against EXIT, including but not limited to the relief prayed for in the *ad damnum* clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against EXIT upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiff breached the contract by failing to provide the required services.

### THIRD AFFIRMATIVE DEFENSE

To the extent EXIT has been deemed to have terminated the Agreement, it had good cause to terminate and properly terminated its Agreement with the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

EXIT has acted at all times in good faith and without intent to injure.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acquiescence, laches, waiver or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the result of the acts, omissions or misconduct of the Plaintiff or others, and not EXIT.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages or losses that Plaintiff alleges it occurred as a result of any act or conduct by EXIT, including, without limitation, any compensatory, loss profit or other damages, are or would be remote or speculative at best.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint of recovery of reasonable attorneys' fees, costs and expenses, including collection costs, as the Agreement between On Board and EXIT specifically does not provide for this remedy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of unclean hands as the Plaintiff has failed to act in good faith.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to their breach of the implied covenant of good faith and fair dealing and/or by their bad faith conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

EXIT reserves the right to supplement or amend its Answer by adding additional affirmative defenses, counterclaims or cross-claims as additional facts are obtained through investigation and discovery.

WHEREFORE, EXIT respectfully requests that the Court:

   a) dismiss Plaintiff's Complaint against EXIT in its entirety with prejudice;

b) award EXIT a reasonable sum to cover its costs, expenses, and attorneys' fees in connection with this action; and

c) award EXIT such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

EXIT demands a jury trial on all issues so triable in Plaintiff's Complaint and in EXIT's Answer and Affirmative Defenses under Fed. R. Civ. P. 38(b).

Dated: New York, New York  
March 27, 2013

ANDERSON KILL & OLICK, P.C.

By: /s/ Rene F. Hertzog  
Rene F. Hertzog, Esq.  
1251 Avenue of the Americas  
New York, NY  10020  
Telephone:  212-278-1000  
Facsimile:  212-278-1733

*Attorneys for Defendant*  
*EXIT Realty Corp. International*